# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | CASE NO.: 1:16-CR-30-TLS |
| | ) | |
| MATTHEW WARNER | ) | |

## OPINION AND ORDER

Defendant Matthew Warner pled guilty to selling a firearm to a convicted felon, in violation of 18 U.S.C. § 922(d). The probation officer drafted a Final Revised Presentence Investigation Report (ECF No. 116, PSR) in preparation for sentencing. This Opinion and Order resolves the Defendant's objections to the PSR.

## BACKGROUND

On April 28, 2016, a confidential informant contacted co-Defendant Carlos Sanchez and requested to buy two pistols and an AR-15 rifle. During the meeting, the confidential informant told co-Defendant Sanchez that he would buy the remaining guns the following day.

On April 29, 2016, an undercover law enforcement officer and the confidential informant arrived at co-Defendant Sanchez's house. Candace Warner, the Defendant's sister and co-Defendant Sanchez's girlfriend, answered the door. The Defendant was inside the home, wearing blue rubber gloves, handling a firearm magazine, and sitting next to a rifle. When the informant commented that he wished he had seen the rifle yesterday, the Defendant indicated that he had another similar weapon. The informant also asked the Defendant how he comes across these guns, and the Defendant explained that he obtained them through social media and because he is "white and young," people assume he has no felony. He then added that he obtains guns from

"private people" and sometimes from stores. He detailed how he obliterated the serial number from one weapon he bought.

During this conversation, the informant also commented on all of the guns the Defendant had procured for him in the past. The Defendant responded, "yeah." Later, the Defendant confirmed that the informant had purchased "a few" and "a lot" of weapons from the Defendant. The informant explained that he provides the weapons to others in Chicago, and these other individuals love the guns and want more. The Defendant replied, stating that he keeps "getting em." The informant additionally explained he had a hard time procuring ammunition, and the Defendant appeared to offer to obtain ammunition.

The informant asked for the pricing for an AK-47 type rifle, which was sitting in the room. The Defendant said that he would get a similar rifle, but that he would let the informant and co-Defendant Sanchez handle the details of the sale. The Defendant then warned the informant to be careful about the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and how he refers to guns in conversation and in text messages.

Shortly thereafter, the informant and co-Defendant Sanchez negotiated pricing for two weapons. The informant asked co-Defendant Sanchez if he could purchase a third rifle, but because he did not have enough funds, asked if co-Defendant Sanchez could "front" him the money and the informant would pay him back later. Co-Defendant Sanchez explained the weapons aren't his, and so he would have to check with the Defendant. The Defendant and co-Defendant Sanchez spoke on the phone and the Defendant told co-Defendant Sanchez to do what he likes and make the call himself. It appears that co-Defendant Sanchez agreed to provide the informant with the third AR-15 rifle.

The Defendant and co-Defendant Sanchez were eventually indicted on federal weapons charges.

## ANALYSIS

### A.  Trafficking Enhancement

The United States Sentencing Guidelines (U.S.S.G.) Section 2K2.1(b)(5) states that if the Defendant engaged in the trafficking of firearms, then a four-level enhancement applies. The Defendant "specifically agree[d] that the number of firearms involved is between 8-14 and that at least one of the firearms involved had an obliterated serial number." (Plea Agmt ¶ 8(c)(ii), ECF No. 89; *see also* PSR ¶ 22.) Additionally, the Defendant confirmed that he:

> [i]nitially . . . sold two firearms to Carols [Sanchez] and then became aware that he was re-selling them. Finally, [he] was selling firearms directly to individuals who represented themselves to be convicted felons. This involved approximately 12 firearms. [He] received the bulk of the sale proceeds from the firearms.

(PSR ¶ 27.)

The Defendant argues that "the offense conduct is a single offense that occurred" when the Defendant was present on the occasion that the purchase between the Defendant, his co-Defendant, and the confidential informant occurred and does not otherwise concern conduct involving 8-14 firearms. (Def.'s Obj. 1, ECF No. 114.) However, the Court finds that offense conduct, including relevant conduct, is not limited to the count of conviction, pursuant to the U.S.S.G. § 1B1.3. Here, offense conduct, including all relevant conduct, involves 8-14 firearms as detailed through investigative documents and confirmed by both the Defendant and the Government. Additionally, the Defendant himself admitted to selling two firearms to co-Defendant Sanchez and 12 firearms to known felons.

The Defendant also argues that the trafficking enhancement "is included conduct in the offense charged, which is selling a firearm to a convicted felon" and that "this enhancement results in an exaggerated offense level in light of the offense conduct." (Def.'s Obj. 1.) In other words, the Defendant appears to argue that the enhancement is double-counted.

Double counting occurs when a single aspect of a defendant's conduct triggers multiple increases in offense levels, *see United States v. Diekemper*, 604 F.3d 345, 354 (7th Cir. 2010), but double counting is permissible unless a specific guideline provides otherwise, *United States v. Vizcarra*, 668 F.3d 516, 520–21 (7th Cir. 2012). Here, U.S.S.G. § 2K2.1 does not include a prohibition against counting the trafficking of the firearms in connection with the unlawful receipt, possession, or transportation of firearms and in fact, specifically denotes a four-level enhancement in subsection (b)(5) if a defendant engaged in trafficking.

Comment 13 to U.S.S.G. § 2K2.1 states that subsection (b)(5) "applies, regardless of whether anything of value was exchanged, if the Defendant transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual; and knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual whose possession or receipt of the firearm would be unlawful; or who intended to use or dispose of the firearm unlawfully."

Accordingly, here, the trafficking enhancement applies because the Defendant provided his co-Defendant with the three firearms sold to the confidential informant and the Defendant admitted that he sold two firearms to his co-Defendant, Sanchez, and 12 firearms to known felons.

Therefore, the Court overrules the Defendant's objection to the trafficking enhancement. The Court will consider any argument by the Defendant that he is less culpable than his co-Defendant when reviewing the § 3553(a) sentencing factors.

**B.      Possession of a Firearm for Sporting/Collection Purposes**

The Defendant argues that he should be given a reduction because he was "an active member of the Air Force Reserve and collected weapons as a hobby." (Def.'s Obj 1.)

U.S.S.G. § 2K2.1(b)(2) states that if a defendant, not otherwise precluded from eligibility, "possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition," then the Defendant is entitled to a decrease in the offense level.

Here, the Court finds that the Defendant has not demonstrated that the firearms were used "solely" for lawful sporting purposes or collection. Instead, the evidence, as well as the Defendant's own admissions (*see* PSR ¶¶ 22, 27), show that the Defendant unlawfully used these firearms by procuring and then selling them to a known felon, and indicated that he could procure other weapons for the same purpose. He procured and sold three weapons to the informant, and admitted to selling at least 12 to known felons.

Accordingly, the Court overrules the objection. The Court will consider any argument by the Defendant regarding his military service when reviewing the § 3553(a) factors.

**CONCLUSION**

For the reasons stated above, the Defendant's Objections to the PSR are OVERRULED, as stated in this Order. At the time of sentencing, the Court will address the portion of the

5

Defendant's Objection [ECF No. 114], in which the Defendant requests a variance in consideration of the 18 U.S.C. § 3553(a) sentencing factors.

SO ORDERED on February 9, 2018.

                                             s/ Theresa L. Springmann
                                           CHIEF JUDGE THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT